UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:97-CV-694-BR

FILED
JAN 6 1998
DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

JAMES CECIL WEAR, JR.,
Plaintiff,
v.
INTERNAL REVENUE SERVICE,
Defendant.

O R D E R

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff filed a response. Defendant did not file a reply, and the time in which to do so has lapsed. The motion is thus ripe for decision.

## I. BACKGROUND

Plaintiff filed this complaint on 29 August 1997 and amended the same on 2 September 1997. The complaint alleges constitutional and civil rights violations by defendant in connection with attempts to collect income tax from plaintiff for 1994, 1995 and 1996. Plaintiff seeks damages, declaratory and injunctive relief, attorneys fees and a jury trial. Specifically, plaintiff challenges defendant's: (1) refusal to refund amounts withheld from plaintiff's paycheck despite plaintiff's claimed "foreign estate" status; (2) levy on plaintiff's Centura Bank account to collect a penalty assessed against plaintiff; (3) contact with plaintiff's employer regarding plaintiff's withholding status; (4) levy on plaintiff's State Employees Credit Union account; (5) levy on plaintiff's wages; and, (6) levy on



157

plaintiff's state tax refund. (Compl. ¶¶ 15-20.) Defendant contends that this court does not have jurisdiction over plaintiff's claims and that none of these claims state a claim for which relief can be granted.

## II. STANDARD

For purposes of a motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. As stated by the Supreme Court in Conley v. Gibson, 355 U.S. 41 (1957):

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 45-46.

A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base its jurisdiction, or it may attack the truth of the allegations of the complaint. The party asserting subject matter jurisdiction has the burden to allege and prove such jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff's complaint attempts to assert a civil rights action pursuant to 42 U.S.C. § 1983 and entitlement to attorney's fees under 42 U.S.C. § 1988. (Compl. ¶¶ 3,C.) Section 1983 provides relief for violation under the color of state law and is

simply inapplicable to these facts. See Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978.) Plaintiff's civil rights claim will be dismissed. Because § 1983 is not applicable, plaintiff is not entitled to recover attorney's fees pursuant to the related provision of § 1988.

Plaintiff asserts claims against defendant under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution. The defendant is a federal agency which has not waived its sovereign immunity for damage claims under the Constitution. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir. 1992), cert. denied, 510 U.S. 851 91993). Because only the Internal Revenue Service (IRS) is named as a defendant and that agency has not waived immunity, plaintiff's constitutional claims will be dismissed.

Plaintiff has also stated a claim for defendant's alleged failure to pay plaintiff a refund. There is no statute which waives the immunity of the IRS with respect to damages for failure to pay refunds. Title 26 U.S.C. § 7433 provides a cause of action only for unlawful collections. Thus, this court has no jurisdiction over plaintiff's claim for damages for failure to pay a refund. It is possible that plaintiff could have intended this claim as a refund action pursuant to 28 U.S.C. §1346(a)(1). Even construing the complaint in this manner, this court does not have jurisdiction over this claim, as jurisdictional prerequisites for the filing of a refund claim have not been met. 26 U.S.C. §



Case 5:97-cv-00694-BR Document 6 Filed 01/06/98 Page 3 of 6

7422(a). Further, plaintiff has not paid the tax and penalty in full, which is required before his refund suit could be filed. See Flora v. United States, 362 U.S. 145 (1960). Plaintiff's claim for damages due to failure to pay a refund will be dismissed.

Plaintiff's prayer for relief suggests that he seeks damages in tort for "emotional distress, embarrassment, peonage and loss of productivity." (Compl. ¶ A.) The Federal Tort Claims Act, while waiving sovereign immunity for tort claims against the United States, does not waive immunity for any claim arising in respect to the assessment or collection of any tax." 28 U.S.C. § 2680(c). The Fourth Circuit has interpreted § 2680(c) to preclude suits under the Federal Torts Claims Act against the IRS for damages arising out of allegedly tortious activities of IRS agents if those activities were in any way related to the agents' official duties. Broadway Open Air Theater v. United States, 208 F.2d 257, 258-59 (4th Cir. 1953.) Plaintiff's claims relate only to alleged actions of defendant in connection with the collection of taxes. Therefore, this court does not have jurisdiction over plaintiff's alleged tort claims and the same will be dismissed.

Plaintiff also seeks injunctive relief to stop defendant from "invading Plaintiff's privacy." (Compl. ¶ D.) Injunctions are available where the party seeking it can demonstrate (1) irreparable injury and (2) certainty of success on the merits. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Certainty can be demonstrated only when "it is clear that under no circumstances could the government ultimately prevail." Id.

Plaintiff cannot meet this difficult standard, and his claim for an injunction will be denied.

Plaintiff also seeks a declaratory judgment that his "conclusions of status and jurisdiction are correct." (Compl. ¶ E.) Declaratory relief is not available with respect to tax-related claims. 28 U.S.C. § 22201(a). See also, Warren v. United States, 874 F.2d 280, 282 (5th Cir. 1989)(federal courts cannot entertain declaratory relief in cases involving federal taxes). This court lacks jurisdiction over plaintiff's declaratory judgment claim and the same will be dismissed.

As stated above, plaintiff challenges defendant's levy procedures. However, none of these challenge the procedural validity of the levy under 26 U.S.C. § 6331. For the IRS to levy against property, it simply must serve a notice of levy on "any person in possession of, or obligated with respect to property or rights to property subject to levy." The Fourth Circuit has expressly rejected the need for a court order to be served on the taxpayer for a levy to be valid. United States v. Eiland, 223 F.2d 118 (4th Cir. 1955). Plaintiff's challenges to defendant's levy procedures will be dismissed.

Title 26 U.S.C. § 7433 authorizes civil suits for actions against any IRS agent who recklessly or intentionally disregards any provision of the Internal Revenue Code or any regulation promulgated under the Code in connection with the collection of any tax. Even assuming the facts stated by plaintiff in his complaint to be true, plaintiff fails to state a claim under § 7433. This

claim will be dismissed. Plaintiff's claims for punitive damages will also be dismissed. Section 7432 only provides for damages in amounts equal to the "actual, direct economic damages sustained by the plaintiff" plus the costs of the action. 26 U.S.C. § 7432(b). Section 7433 likewise provides for recovery of actual damages and costs. Plaintiff's punitive damages claim will be dismissed.

## IV. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is ALLOWED and this matter is DISMISSED.

This 5 January 1998.

W. EARL BRITT
Senior Untied States District Judge

jcw/irs/krh

the original.
Clerk
District Court
of North Carolin
Deputy Cl



Case 5:97-cv-00694-BR Document 6 Filed 01/06/98 Page 6 of 6